### NEWCOM v. FORD. (No. 2282.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1920.)

**1. Vendor and purchaser ⬡⇒280(2)—In action on vendor's lien note, general denial sufficient to support judgment.**

In an action on a vendor's lien note, a general denial was a sufficient pleading to support a judgment for defendant, assuming that a special plea that the note was turned over to defendant with the understanding that the debt would be satisfied if the vendor died was insufficient.

**2. Pleading ⬡⇒378—General denial puts every material allegation in issue.**

A general denial operates to put in issue every material fact alleged in plaintiff's petition.

**3. Appeal and error ⬡⇒750(4)—Sufficiency of evidence cannot be raised by assignment of error attacking the pleading.**

The sufficiency of the evidence to support the judgment must be raised by an assignment of error attacking the evidence and not the pleading.

**4. Vendor and purchaser ⬡⇒280(3)—In action on vendor's lien note, general denial entitled defendant to explain possession of note.**

In an action on a vendor's lien note where plaintiff by a supplemental petition alleged that defendant had possession of the note through mistake and that he owed the note and had not paid it, evidence to explain his possession and show that it was not through mistake was admissible under a general denial.

**5. Gifts ⬡⇒43—Maker of note not liable when holder delivers it to him as a gift.**

Where a vendor taking a vendor's lien note for the price subsequently delivered it to the vendee with the expressed purpose and intention of making an immediate gift thereof, the vendee was not in possession of the note through mistake as alleged in an action thereon, but was the owner of the note and not liable for its payment.

Appeal from District Court, Harrison County.

Action by Mrs. Lula P. Newcom, administratrix of J. E. Ford, deceased, against Sam Ford. From a judgment for defendant, plaintiff appeals. Affirmed.

Appellant, as administratrix of the estate of J. E. Ford, deceased, sued the appellee on a vendor's lien note executed by appellee to J. E. Ford and to foreclose the lien on 12½ acres of land. The petition also alleged that the note sued on "was through mistake turned over to the said Sam Ford by the said J. E. Ford." The appellee answered by general denial and by special plea "that the note was turned over to the defendant before the death of J. E. Ford with the understanding that in the event J. E. Ford died that the debt would be satisfied." The appellant by supplemental petition replied "that if the note was delivered to the defendant that same was delivered through mistake and with no intention that same should become the property of defendant without payment," and that no consideration passed from Sam Ford to J. E. Ford for the delivery of the note. The trial was before the court without a jury, and judgment was entered in favor of the defendant.

J. E. Ford conveyed to appellee a tract of land containing 12½ acres of land, in consideration of $500 evidenced by a promissory note payable to J. E. Ford or order, dated August 21, 1915, and due three years after date. J. E. Ford, it appears, "delivered this note back to Sam Ford about two weeks after it was made." J. E. Ford was at the time in feeble health, and continued so until his death on July 2, 1918. Sam Ford was a nephew of J. E. Ford, and they lived about 400 yards from each other. The note remained in the possession of Sam Ford from the date of delivery to him until the trial of the suit. It was proven that J. E. Ford had stated to the certain named relatives "that he had given Sam Ford his note," and "that he had given Sammy his note back, as he had as soon for him to have the place as anybody else, because he had a big family and was not able to pay for it."

Scott & Lane, of Marshall, for appellant.
Hall, Brown & Hall, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). The first assigned error does not afford, it is concluded, as ground for reversal of the judgment, and it should be overruled.

[1-5] By the second assigned error it is insisted that the pleadings of the appellee were not sufficient to support a judgment for the defendant. The appellee filed a general denial and a special plea. It can be assumed, in passing upon the assignment of error, that the special plea is subject to a general demurrer, as claimed by the appellant, and

that there was a general denial as a legal pleading of the defendant. The general denial would, it is thought, be a sufficient pleading in this case, as in all cases, to support a judgment for the defendant. A general denial operates to put in issue every material fact alleged in the plaintiff's petition. The sufficiency of evidence to support the judgment rendered is another question, required to be raised by an attack on the evidence and not the pleading. In the instant case, though, a material fact alleged in the petition and required to be proven by the appellant was that appellee was in possession of the note "through mistake," and that appellee owed the note and had not paid it. The general denial allowed the appellee to explain his alleged possession of the note, that it was not "through mistake" as alleged. And looking to the evidence, which is not required by the assignment, it appears without contradiction that J. E. Ford, payee of the note, delivered the note to Sam Ford, the maker, in about two weeks after its execution, with the expressed purpose and intention of making an immediate gift thereof. The evidence only went to show an absolute and not a conditional gift. If J. E. Ford made an absolute gift of the note to Sam Ford, then Sam Ford would not be in possession of the note "through mistake," but would be the owner thereof, and would not be liable for payment of the same.

The judgment is affirmed.